UPI *v.* HERNREICH, D/B/A STATION KFPW

5-3889                                              406 S. W. 2d 322

Opinion delivered September 19, 1966

*Daily* & *Woods,* for appellant.

*Harper, Harper, Young* & *Durden,* for appellee.

CARLETON HARRIS, Chief Justice. This appeal is a companion case to No. 3797, United Press International, Inc., v. George T. Hernreich d/b/a Radio Station KZNG, which is also being handed down this date. On October 15, 1957, Tulsa Broadcasting Company, an Ok-lahoma corporation, entered into a contract with appel-lant, similar to that in No. 3797, *i. e.,* appellant agreed to furnish news service for broadcasting, and appellee

agreed to pay certain amounts therefor. During the period of the contract, and while same was in full force and effect, Tulsa Broadcasting Company sold Radio Station KFPW to appellee, George T. Hernreich, and on May 9, 1958, the company assigned the aforementioned contract to Hernreich, who accepted same, and assumed all obligations, as well as privileges provided in the agreement. On May 25, 1964, appellant instituted suit against Hernreich for sums alleged to be due under the contract, that instrument being made a part of the complaint. In addition to denying the indebtedness, appellee raised two other defenses, first, that the agreement between the parties had been cancelled by mutual agreement,[1] and second, that appellant, a foreign corporation, was engaged in doing business within this state in intrastate commerce without having first qualified itself to do business in Arkansas, as provided by statute, and was thus not entitled to maintain the action.

Thereafter, appellant filed a motion for summary judgment, supported by the affidavit of Roderick W. Beaton, Vice-President and General Business Manager of United Press International, the motion asserting that appellant was engaged only in interstate commerce, and there was no genuine issue as to any material fact relating to the defenses sought to be raised by Hernreich. Appellee responded to the motion for summary judgment, the response being supported by a counter affidavit, and affirmatively stated that the contract sued upon was not for services to be performed wholly in interstate commerce, but the services to be performed were both interstate and intrastate, and it was maintained that a question of fact existed on that issue. The motion also stated:

"* * * Defendant admits plaintiff's failure to qualify would not make the contract void, but the statute in question does prohibit plaintiff from bringing suit on

---

[1]The denial of the indebtedness, and cancellation of the agreement, are not mentioned, or argued, by appellee, and are not at issue on this appeal.

any contract if it is doing business in the state, and not qualified therein, so that a question of fact on this point exists.''

The court overruled appellant's motion for summary judgment, and thereafter appellee filed his own motion for summary judgment, contending that the deposition of James R. Campbell, Arkansas State Manager for United Press, established that appellant was engaged in doing business in this state in intrastate commerce, and Hernreich contended in his motion that this fact, together with appellant's failure to qualify to do business in this state, entitled him to a summary judgment. Appellant responded to this motion by asserting that the deposition, relied upon by Hernreich, reflected that United Press was not doing any intrastate business in Arkansas during the term of the contract, and further asserted it had executed the contract in the state of New York. Further, the affidavit of James F. Darr, General Manager of Communications for United Press, was offered, the affidavit being to the effect that all news transmitted from the United Press Bureau in Little Rock crosses state lines, and appellant is thus engaged solely in interstate commerce. Upon submission, the court granted appellee's motion for summary judgment, and dismissed appellant's complaint. From the judgment so entered, appellant brings this appeal.

A discussion of the first point at issue in this appeal (whether a fact question exists as to the place where the contract was executed) is unnecessary, since the legal principle involved in this question is thoroughly discussed in Case No. 3797. The contract here involved, as in that case, reflects that it was entered into ''at New York, N. Y.,'' and there is no proof in the record that this is not true. Of course, the mere fact that an agreement sets out that it is executed in a particular state does not establish the authenticity of the fact, but the question of the locale of the execution of the instrument is certainly placed in question; since this fact is disputed, the granting of a summary judgment was erroneous.

Likewise, the question of whether United Press was engaged solely in interstate commerce needs to be developed by the proof. The affidavits of Campbell and Darr assert that this is true, though some statements in Campbell's affidavit might indicate that intrastate commerce is also engaged in. At any rate, we think clearly that these facts were disputed, and a summary judgment should not have been granted. Of course, the question of whether a motion for summary judgment must be countered by a response in opposition, or affidavits controverting the motion, is not at issue on this appeal, since appellant did file a response and counter affidavit to the motion.

Reversed and remanded.